**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cr-20507-BLOOM**

UNITED STATES OF AMERICA,

v.

YURWIN SMITH SALAZAR MAITA,

Defendant.
_________________________________/

**ORDER ON MOTION TO COMPEL DISCOVERY**

**THIS CAUSE** is before the Court upon Defendant Yurwin Smith Salazar Maita's Motion to Compel Discovery ("Motion"), ECF No. [69]. The Government filed a Response, ECF No. [76]. A Status Conference was held on September 4, 2026, during which the Court heard the parties' arguments regarding the Motion. ECF No. [83]. The Court has reviewed the Motion, the Response, the record, applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted in part and denied in part.

## I. BACKGROUND

Defendant Salazar Maita and two co-Defendants are charged by Indictment with conspiracy to commit kidnapping (Count I), kidnapping resulting in death (Count II), and carjacking resulting in death (Count III). ECF No. [1].

Defendant's Motion seeks an order compelling the Government to produce the following evidence: (1) all interview records of Co-Defendant Julio Cesar Hernandez Montero ("Hernandez Montero"); (2) all interview records of "E.Y.," a purported witness of the alleged home invasion in this case, and her whereabouts; (3) all interview records of co-conspirators Humberlin Valerio Yeneitzi and Yoleidy Del Carmen Ilarraza, and Yeneitzi's whereabouts; (4) the complete and unredacted report of Detective Humberto Garcia, the lead detective in the case, along with

unredacted copies of all Miami-Dade police reports concerning this investigation; and (5) the DNA litigation packet, the DNA expert disclosure, and CAST reports that will be used at trial by the Government. ECF No. [69].

The Government responded that many of the requested records are not subject to disclosure under Rule 16, Local Rule 88.10, *Brady*, or *Giglio*. ECF No. [76]. The Government nonetheless produced in discovery many of the requested documents and reports. *Id.*

At the Status Conference, the parties resolved Defendant's requests regarding (2) the interview records of "E.Y.;" (3) the interview records of Defendant's co-conspirators; (4) Detective Garcia's unredacted report;[1] and (5) the DNA and CAST reports.[2] The Government acknowledged its continuing obligation to produce discovery, and the parties agreed that discovery will be completed by November 20, 2026. The remaining issue concerns a November 15, 2024 Report ("November 15 Report") regarding an interview of Hernandez Montero. The Government provided the Court a copy of the November 15 Report for an *in camera* review.

## II. LEGAL STANDARD

Rule 16 of the Federal Rules of Criminal Procedure "is the primary rule governing pretrial discovery in criminal cases, and it 'spells out the materials the prosecution must produce on the defendant's request.'" *United States v. Russell*, Case No. 22-20348-CR, 2022 WL 17736195, at *1 (S.D. Fla. Dec. 17, 2022) (quoting *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003)). In addition to the discovery obligations embodied by Rule 16, a criminal defendant's due process

[1] The report redacted the names of certain individuals. The Government represented that it does not intend to call any of the redacted individuals as witnesses. Defendant will narrow his requests for information regarding the redacted report, confer with the Government, and, if necessary, Defendant will bring any unresolved issues to the Court's attention.

[2] The parties agreed that the data underlying the CAST reports will be provided to Defendant with the Government's Witness and Exhibit List on October 30, 2026.

rights obligate the prosecution to disclose information that is favorable to the defendant and that is material either to guilt or to punishment. *Brady v. Maryland*, 83 S. Ct. 1194 (1963).

Favorable evidence for *Brady* purposes includes both exculpatory and impeachment evidence. *See Giglio v. United States*, 405 U.S. 150 (1972); *Jordan*, 316 F.3d at 1253. But mere "favorableness" to the defendant is not enough to qualify for *Brady* protections — the information must also be material. Evidence "is material as long as there is a strong indication that it will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (internal citation omitted). "[U]nder *Brady*, the government need only disclose during pretrial discovery (or later, at the trial) evidence which, in the eyes of a neutral and objective observer, could alter the outcome of the proceedings." *Jordan*, 316 F.3d at 1252.

In *Giglio*, the Supreme Court extended *Brady* to disclosure of impeachment material. *United States v. Singleton*, Case No. 22-14048-CR, 2023 WL 2164588, at *3 (S.D. Fla. Feb. 13, 2023); *see Jordan*, 316 F.3d at 1253. Under *Giglio*, "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility" justifies a new trial. *Giglio*, 405 U.S. at 153-54 (internal citation omitted).

The difference between *Brady* material and *Giglio* material is that *Brady* information is exculpatory, meaning it "relates to evidence which directly tends to lessen a defendant's guilt," while *Giglio* material is impeaching, meaning that it relates to "witness credibility type evidence of a collateral nature . . . indirectly making it less likely that the defendant is guilty." *United States v. Hopkins*, Cr. No. S–05–0538 EJG, 2008 WL 4453583, at *2 (E.D. Cal. Oct. 3, 2008) (emphasis omitted). The purpose of *Giglio* and its progeny is "to ensure that the jury knows the facts that

might motivate a witness in giving testimony[.]" *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (quoting *Smith v. Kemp*, 715 F.2d 1459, 1467 (11th Cir. 1983)).

## III. DISCUSSION

Defendant requests that the Court compel the Government to produce the November 15 Report. ECF No. [69] at 10. Defendant argues the November 15 Report is material and potentially exculpatory. *Id.* Hernandez Montero pled guilty on August 20, 2026, is likely to be a Government witness, and impeaching Hernandez Montero will have a material effect on the jury's verdict. *Id.* Therefore, under *Brady* and *Giglio*, the Government must produce the November 15 Report to Defendant. *Id.* at 10-11.

The Government responds that Hernandez Montero's November 15 Report is unrelated to this case and contains sensitive information. ECF No. [76] at 2-3. The Government argues the November 15 Report is not subject to disclosure and before compelling disclosure, the Court should conduct an *in camera* review. *Id.* at 3.[3]

Upon *in camera* review, the Court concludes portions of the November 15 Report are unrelated to the instant case and are not subject to disclosure. However, the November 15 Report contains relevant information regarding events at Hernandez Montero's first court appearance and communications with an individual who indicates he had knowledge of this case. As such, it is subject to disclosure as potential impeachment evidence under *Giglio*.

[3] The Government argues that Hernandez Montero's interviews are not subject to disclosure under Rule 16 or Local Rule 88.10(d), yet the Government provided Defendant with Hernandez Montero's interviews and reports. ECF No. [76] at 2. Because Hernandez Montero may be called as a witness, the Government will provide any additional interview reports related to this case or his testimony prior to trial in accordance with Rule 16, *Brady*, and *Giglio*. *Id.*

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [69]**, is **GRANTED in part and DENIED in part**.
2. Defendant's Motion is **DENIED as moot** regarding his requests for interview records of "E.Y.," interview records of Defendant's co-conspirators, Detective Garcia's unredacted report, and the DNA and CAST reports.
3. Defendant's Motion is **GRANTED in part** regarding the November 15 Report. The Government shall produce the portion of the November 15 Report (page 3-4) pertaining to Hernandez Montero's first court appearance and later communications. The Government shall produce a partially redacted copy of the November 15 Report **by September 21, 2026**. The redacted copy may be designated as Confidential pursuant to the Protective Order, ECF No. [23].

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 16, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record